**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| H.H., | No. CV-25-02259-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Shenzhen Smoore Technology Company Limited, et al., | |
| Defendants. | |

This is a putative antitrust class action. In the First Amended Complaint ("FAC"), the lead plaintiff is identified only as "H.H." (Doc. 6 ¶ 31.) The FAC alleges that H.H. "is more than an adequate representative of the Classes" because, among other things, H.H.'s "claims are typical of the members of the Classes," H.H. "has the incentive and is committed to prosecuting this action for the benefit of the Classes," and H.H, "has no interests that are antagonistic to those of the Classes." (*Id.* ¶¶ 131, 135.)

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010). *See also Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) ("Plaintiffs' use of fictitious names runs afoul of the public's common law right of access to judicial proceedings and Rule 10(a)'s command that the title of every complaint 'include the names of all the parties.'") (cleaned up). It is unclear why H.H. believes these rules and presumptions are inapplicable here. It would be one thing if H.H. were a minor. Under Rule 5.2(a)(3), when a "filing with the court . . . contains . . . the

name of an individual known to be a minor," "the filing may include only . . . the minor's initials." *Id.* However, the FAC does not suggest that H.H. is a minor and alleges certain other facts, including that H.H. was a lawful purchaser of cannabis products (Doc. 6 ¶ 32), that seem inconsistent with being a minor.

Perhaps H.H. is seeking to proceed under his or her initials for some other reason, such as the belief that this is "the 'unusual case' when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Advanced Textile Corp.*, 214 F.3d at 1067-68 (cleaned up). But even if so, "a party must obtain leave from the court in order to proceed under a fictitious name" or under his or her initials. *T.H. v. Pasadena Unified Sch. Dist.*, 2025 WL 1127862, *2 (C.D. Cal. 2025). *See also Cal. Coalition of Undressed Performers v. Rhino*, 2008 WL 10982067, *2 (C.D. Cal. 2008) ("Even in such an unusual case, however, a party with legitimate reasons to proceed anonymously cannot make that decision unilaterally; rather, permission to proceed under a pseudonym must be obtained from the court."). Indeed, the need to justify anonymity seems particularly heightened here, where H.H. seeks to serve as the lead plaintiff in a class action. *See, e.g., Michael v. Charter Communications, Inc.*, 2017 WL 2833404, *4 (E.D. Mo. 2017) ("The Court finds that the general presumption in favor of public disclosure of a plaintiff's identity is even stronger in a case which is pled as a putative class action, because the named plaintiff is purporting to represent other members of the public. . . . Even if there was some heightened interest in the privacy of the class members here, Plaintiff's status as the putative named plaintiff requires that he be the <u>named</u> plaintiff.") (citing cases).

…

…

…

…

…

…

Accordingly,

**IT IS ORDERED** that by July 11, 2025, Plaintiff must either (1) file a reasoned motion for permission to proceed under the initials H.H.; or (2) file a Second Amended Complaint ("SAC") that identifies Plaintiff by his or her true name.

Dated this 2nd day of July, 2025.

Dominic W. Lanza
United States District Judge